**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 96-7389

MELVIN SANDERS, a/k/a Pops,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Winston-Salem.
N. Carlton Tilley, Jr., District Judge.
(CR-93-281)

Submitted: February 27, 1997

Decided: March 18, 1997

Before MURNAGHAN, NIEMEYER, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

J. Steven Brackett, RUDISILL & BRACKETT, P.A., Hickory, North
Carolina, for Appellant. Walter C. Holton, Jr., United States Attorney,
Robert M. Hamilton, Assistant United States Attorney, Greensboro,
North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Melvin Sanders appeals the district court's denial of his motion filed pursuant to Fed. R. Crim. P. 33. Because we find that Sanders's new trial motion was untimely, we affirm the district court's denial of the motion on the grounds that it lacked jurisdiction to hear the claim.

A jury found Melvin Sanders guilty of drug trafficking and money laundering, and the court sentenced him to imprisonment. On appeal, this Court affirmed Sanders's conviction and sentence. Thereafter, Sanders moved for a new trial based on newly discovered evidence pursuant to Fed. R. Crim. P. 33. Because Sanders's motion for new trial based on ineffective assistance of counsel was not brought within the required time period, the district court denied the motion, finding that it was untimely and that jurisdiction was lacking. Sanders appealed, contending that the district court erred when it failed to hold an evidentiary hearing prior to denying the motion.

A district court's decision denying an evidentiary hearing in connection with a new trial motion is reviewed for an abuse of discretion. United States v. Smith, 62 F.3d 641, 651 (4th Cir. 1995). A motion for new trial based on ineffective assistance of counsel may be brought as a motion for new trial based on "other grounds" under Fed. R. Crim. P. 33 within seven days of the verdict or within such further time as may, within that period, be fixed. Smith , 62 F.3d at 650-51. After the seven day time period for filing new trial motions based on any other grounds has expired, a new trial motion based on ineffective assistance of counsel will not lie because ineffective assistance claims do not count as "evidence" for purposes of Rule 33's two-year time limit. Id. at 651; see Fed. R. Crim. P. 33.

Sanders filed his motion for new trial based on ineffective assistance of counsel more than a year after final judgment. Because we determine that Sanders's new trial motion was untimely, we conclude that the court did not abuse its discretion in denying an evidentiary hearing prior to dismissing the motion. We therefore affirm the district court's order.

2

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED

3